IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KAYOKA D. CHAMBERS,

    Plaintiff,

vs.

BIMBO BAKERY, and
BIMBO BAKERIES USA, INC.,

    Defendants.

8:19CV200

MEMORANDUM
AND ORDER

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

The totality of Plaintiff's allegations is as follows:

> I lost my job because of my (Race) color sex and Bimbo is Retaliation me and for no reason i loved my job. this is hurtful
>
> I have proof and statements that i was being harrast and belittled i did my job everyday 100% percent i loved what i did i made front page on 2018 calendar for bimbo i took my job serious.

(Filing 1 at CM/ECF pp. 3-4.) Attached to Plaintiff's Complaint is her Charge of Discrimination filed with the Nebraska Equal Opportunity Commission claiming

discrimination and retaliation based on race, color, and sex, as well as Plaintiff's right-to-sue letter. (Filing 1 at CM/ECF pp. 6-14.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570; *see also Cook v. George's, Inc.*, 952 F.3d 935, 939-40 (8th Cir. 2020). However, the elements of a prima facie case are relevant to a

2

plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

**A. Lack of Factual Allegations**

Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff pleads no "factual content" that would allow this court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Instead, Plaintiff makes conclusory legal conclusions ("I lost my job because of my (Race) color sex"; "Retaliation"; "i was being harrast") unsupported by factual allegations. *Id*. at 679. Therefore, as currently written, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

However, on its own motion, the court shall grant Plaintiff leave to file an amended complaint that asserts plausible claims for relief if the facts support such claims. After review of Plaintiff's limited factual allegations and her NEOC Charge of Discrimination, it appears that Plaintiff may be attempting to assert discrimination, retaliation, and harassment claims based on her race/color and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Westlaw 2020) ("Title

VII"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2020) ("NFEPA"). To the extent Plaintiff desires to bring such claims, she should be aware of the required elements of those claims, which are briefly summarized below.

## B. Elements of Possible Claims

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the NFEPA prohibits employers from "fail[ing] or refus[ing] to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin." Neb. Rev. Stat. § 48-1104(1) (Westlaw 2020).[1]

### 1. Discrimination Claim

If Plaintiff wishes to bring a race/color or sex/gender discrimination claim and has no direct evidence of such discrimination, she must allege facts showing she "(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) [suffered] under circumstances permitting an inference of discrimination." *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1068 (8th Cir. 2017) (internal quotation marks and citation omitted).

---

[1] Both the Nebraska Supreme Court and the Eighth Circuit Court of Appeals have stated that the NFEPA "is patterned after Title VII," and, therefore, "it is appropriate to consider federal court decisions construing the federal legislation" when considering questions under the NFEPA. *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (internal quotation marks and citations omitted).

## 2. Retaliation Claim

If Plaintiff wishes to allege that her termination was retaliation for taking protected actions, she must allege facts showing "(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *Bunch*, 863 F.3d at 1069 (internal quotation marks and citation omitted). The "ultimate question" is "whether the employer's adverse action against the employee was motivated by retaliatory intent." *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quotation marks and citation omitted); *see also Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017) ("The plaintiff's ultimate burden in a Title VII retaliation case is to prove an impermissible retaliatory motive was the 'but-for cause' of the adverse employment action."); *Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016) (retaliation must be the "but-for" cause of the adverse employment action).

## 3. Hostile-Work-Environment Claim

To establish a prima facie case of hostile work environment, Plaintiff must show:

> (1) membership in a protected group; (2) the occurrence of unwelcome[][] harassment; (3) that the harassment occurred because of her sex [or race]; and (4) that the harassment affected a term, condition or privilege of her employment. This demanding standard requires extreme conduct rather than merely rude or unpleasant conduct. We look to the totality of the circumstances to consider whether the plaintiff has established that discriminatory intimidation, ridicule, and insult *permeated* the workplace.

*Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1131 (8th Cir. 2014) (internal quotation marks and citations omitted); *see also Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518-19 (8th Cir. 2010).

## IV. CONCLUSION

The court will provide Plaintiff with an opportunity to file an amended complaint establishing her Title VII and NFEPA claims against the Defendants, as explained

above. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. Plaintiff must file an amended complaint within 30 days of the date of this order that asserts plausible claims for relief under Title VII and the Nebraska Fair Employment Practice Act, if the facts support such claims. To the extent Plaintiff intends to allege something other than, or in addition to, the claims discussed above, she must so provide in her amended complaint.

2. Plaintiff's failure to act in accordance with this order will result in dismissal of this action without further notice to Plaintiff.

3. The Clerk of Court is directed to set the following pro se case management deadline: May 8, 2020: Amended Complaint due.

Dated this 8th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge